**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DEVORAH DONNELL, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>PROHEALTH PHYSICIANS, INC. and PROHEALTH PHYSICIANS, P.C.,<br><br>Defendants. | Civil Action No. 20-cv-01744(JCH)<br><br>Date Filed: June 4, 2021 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants ProHealth Physicians, Inc. (erroneously named as a defendant in this action) and ProHealth Physicians, P.C. ("ProHealth, P.C.") (collectively "Defendants"), by and through their attorneys Seyfarth Shaw LLP, hereby submit their Answer and Affirmative and Other Defenses to Plaintiff's Second Amended Complaint, as follows:

**AS TO "PRELIMINARY STATEMENT"**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Second Amended Complaint regarding unspecified "public statements," and therefore deny the same and respectfully direct the Court to the statements referenced therein, to the extent they exist, as the best evidence of their contents.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Second Amended Complaint regarding Plaintiff developing COVID-19 at work and therefore deny the same, admit that Plaintiff was employed as a physician at ProHealth, P.C.'s Bristol, CT location, and deny the remaining allegations contained in Paragraph 2 of the Second Amended Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about when and whether Plaintiff began experiencing COVID-19 symptoms as alleged in Paragraph 3 of the Second Amended Complaint, except aver that in or about late-March 2020, Plaintiff reported to ProHealth, P.C. that she was experiencing COVID-19 symptoms. Defendants deny the remaining allegations contained in Paragraph 3 of the Second Amended Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Second Amended Complaint, and therefore deny the same.

5. Defendants admit that ProHealth, P.C. accommodated Plaintiff's request to be absent from work and to work a reduced schedule, and deny the remaining allegations contained in Paragraph 5 of the Second Amended Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Second Amended Complaint, except admit that on or about September 2, 2020, ProHealth, P.C. terminated Plaintiff's employment because she violated its policies.

7. Defendants deny the allegations contained in Paragraph 7 of the Second Amended Complaint, except admit that ProHealth, P.C. learned of Plaintiff's policy violations while investigating another employee's unauthorized access of Plaintiff's medical records.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Second Amended Complaint, and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding "the head physician at ProHealth's Bristol, CT

location," as alleged in Paragraph 9 of the Second Amended Complaint, and therefore deny the same. Defendants further lack knowledge or information sufficient to form a belief as to the quoted verbatim comments, as alleged in Paragraph 9 of the Second Amended Complaint, and therefore deny the same, except aver that upon learning why Plaintiff was terminated, Dr. Goldberg questioned whether a physician was permitted to access his or her own medical record.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Second Amended Complaint regarding Plaintiff's medical condition, and therefore deny the same, and deny the remaining allegations contained in Paragraph 10 of the Second Amended Complaint.

**AS TO "NATURE OF ACTION"**

11. Defendants admit that Plaintiff purports to bring a claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Connecticut Fair Employment Practices Act, C.G.S. § 46a-60 ("CFEPA") and for breach of her employment agreement. Defendants deny any wrongdoing or any violation of the law, and deny the remaining allegations contained in Paragraph 11 of the Second Amended Complaint.

**AS TO "ADMINISTRATIVE PREREQUISITES"**

12. Defendants admit that Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights ("CHRO") and cross filed the charge with the Equal Employment Opportunity Commission alleging violations of the CFEPA and the ADA, as alleged in Paragraph 12 of the Second Amended Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding when Plaintiff "received" her Notice of Right to Sue

from the EEOC and Release of Jurisdiction from the CHRO, as alleged in Paragraph 13 of the Second Amended Complaint, and therefore deny the same, except aver that the Notice of Right to Sue from the EEOC is dated May 28, 2021 and the Release of Jurisdiction from the CHRO is dated March 10, 2021.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding when Plaintiff received the Notice of Right to Sue from the EEOC, as alleged in Paragraph 14 of the Second Amended Complaint, and therefore deny the same, except admit that Plaintiff filed a motion for leave to file a Second Amended Complaint asserting claims under the ADA within 90 days of May 28, 2021, the date the Notice of Right to Sue from the EEOC was signed.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Second Amended Complaint, and therefore deny the same.

16. The allegations contained in Paragraph 16 of the Second Amended Complaint purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Second Amended Complaint, and therefore deny the same.

## AS TO "JURISDICTION AND VENUE"

17. The allegations contained in Paragraph 17 of the Second Amended Complaint purport to state legal conclusions only, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action for alleged violations of the FMLA and the ADA. Defendants further admit that Plaintiff purports to invoke this Court's subject matter jurisdiction over claims asserted under the FMLA and the ADA. Defendants

further admit that Plaintiff purports to invoke this Court's supplemental jurisdiction over claims asserted under state law. Defendants deny any wrongdoing or any violation of the law.

18. The allegations contained in Paragraph 18 of the Second Amended Complaint purport to state legal conclusions only, to which no response is required. To the extent a response is required, Defendants admit that venue in this Court is proper and deny any wrongdoing or any violation of the law.

**AS TO "PARTIES"**

19. Defendants admit that Plaintiff was previously employed as a physician at ProHealth, P.C.'s Bristol, CT location. The remaining allegations contained in Paragraph 19 of the Second Amended Complaint purport to state legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Second Amended Complaint as the phrases "[a]t all relevant times" and "relevant statutes" are undefined, vague and ambiguous, and therefore deny the same.

20. Defendants admit that ProHealth Physicians, Inc. is incorporated in Connecticut with its principal place of business located at 3 Farm Glen Boulevard, Farmington, CT 06032. The remaining allegations contained in Paragraph 20 of the Second Amended Complaint purport to state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Second Amended Complaint, except Defendants admit that ProHealth Physicians, P.C. is a professional corporation registered in Connecticut with its principal place of business located at 3 Farm Glen Boulevard, Farmington, CT 06032, and admit that ProHealth Physicians, Inc. and ProHealth

Physicians, P.C. are collectively referred to in the Second Amended Complaint as "ProHealth" or the "Practice." The remaining allegations contained in Paragraph 21 of the Second Amended Complaint purport to state legal conclusions, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Second Amended Complaint as the phrases "[a]t all relevant times" and "relevant statutes" are undefined, vague and ambiguous, and therefore deny the same.

## AS TO "FACTUAL ALLEGATIONS"

## I. AS TO "BACKGROUND"

22. Defendants admit the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendants admit that Plaintiff was an Urban Service Track Health Scholar during medical school and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Defendants admit that Plaintiff trained at the ProHealth Family Medical Group in Bristol, CT under the guidance of Dr. Jeffrey Goldberg while in medical school, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation whether Plaintiff trained "one afternoon every week throughout medical school," and therefore deny the same, except aver that the training was scheduled to occur one afternoon every week for three years. Defendants deny the remaining allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Second Amended Complaint, except aver that Dr. Goldberg encouraged Plaintiff to submit an application to ProHealth, P.C.'s Bristol, CT location.

27. Defendants admit that Plaintiff's Physician Employment Agreement went into effect on October 1, 2018, and aver that termination "without cause" required at least one hundred eighty (180) days' notice to the other party, and Defendants respectfully direct the Court to the referenced agreement as the best evidence of its contents. Defendants deny the remaining allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Second Amended Complaint, and lack knowledge or information sufficient to form a belief as to the meaning of the ambiguous phrases "large caseload" and "more complex physical and mental health conditions" as alleged in Paragraph 28 of the Second Amended Complaint, and therefore deny the same.

29. Defendants deny the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Defendants admit that ProHealth, P.C. included Plaintiff in radio and television commercials, and deny the remaining allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Second Amended Complaint, and therefore deny the same.

## II. <u>AS TO "DR. DONNELL CONTRACTS COVID-19"</u>

32. Defendants admit that ProHealth, P.C. started to use the Family Medical Group as a Respiratory Evaluation Center ("REC") for physicians to assess patients with respiratory

symptoms to determine if they needed COVID-19 testing or treatment. Defendants further aver that ProHealth, P.C. started to use the Family Medical Group as a REC on or about March 23, 2020, and aver that on or about March 25, 2020 and thereafter, when physicians were not working at the REC, they treated telehealth patients from home. Defendants deny the remaining allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Second Amended Complaint, and lack knowledge or information sufficient to form a belief as to the time period covered by the allegations contained in Paragraph 33 or the meaning of the ambiguous phrases "the rest of the staff" and "these shifts" as alleged in Paragraph 33 of the Second Amended Complaint, and therefore deny the same.

34. Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrases "very limited" and "even less" as alleged in Paragraph 34 of the Second Amended Complaint, and therefore deny the same.

35. Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "at the time," as alleged in Paragraph 35 of the Second Amended Complaint, and therefore deny the same, except Defendants admit that Plaintiff's medical assistant worked at a West Hartford-based COVID-19 testing site.

36. Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the severity or timing of Plaintiff's symptoms and therefore deny the same, aver that Plaintiff advised Defendants that she was experiencing symptoms associated with COVID-19 in or about the last week of March 2020, and admit that,

consistent with applicable health guidance, Plaintiff was not scheduled to treat patients in-person for a period of time after informing Defendants that she had symptoms associated with COVID-19. Defendants deny the remaining allegations contained in Paragraph 37 of the Second Amended Complaint.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about discussions between Plaintiff and her medical assistant as alleged in Paragraph 38 of the Second Amended Complaint, and therefore deny the same.

39. Defendants admit that Defendants accommodated Plaintiff by permitting her to work remotely and lack knowledge or information sufficient to form a belief as to the time period referenced regarding "the first couple of days of being sick," as alleged in Paragraph 39 of the Second Amended Complaint, and therefore deny the same.

40. Defendants admit that on or about April 3, 2020, they accommodated Plaintiff by permitting her to stop working with no diminution in pay or benefits, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about Plaintiff's medical condition as alleged in Paragraph 40 of the Second Amended Complaint, and therefore deny the same.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's symptoms contained in Paragraph 41 of the Second Amended Complaint, and therefore deny the same, except aver that in or about March 2020, Plaintiff reported symptoms of a sore throat and headache.

42. Defendants admit that Plaintiff conducted telemedicine visits with patients on April 13 and 14, 2020, and lack knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 42 of the Second Amended Complaint, and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Second Amended Complaint.

44. Defendants admit that on or about April 15, 2020, they accommodated Plaintiff by permitting her to stop working again with no diminution in pay or benefits, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 44 of the Second Amended Complaint, and therefore deny the same.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Second Amended Complaint, and therefore deny the same, except aver that Plaintiff advised that she had appointments with specialists, including a pulmonologist.

46. Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Second Amended Complaint, except admit that Ms. Kasparian, at times, asked Plaintiff to ask her PCP to provide Defendants with notes related to Plaintiff's continued requests to be absent from work and to work a reduced schedule.

48. Defendants deny the allegations contained in Paragraph 48 of the Second Amended Complaint.

49. Defendants admit the allegations contained in Paragraph 49 of the Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to the

exact date on which Plaintiff started working on electronic health record tasks remotely, and therefore deny the same.

50. Defendants admit that patients were able to book appointments with Plaintiff throughout April, May and June, and aver that patients booked many of these appointments prior to March 2020, and deny the remaining allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendants admit that Plaintiff resumed virtual patient appointments on June 22 and 23, 2020, admit that Defendants accommodated Plaintiff by permitting her to stop virtual patient appointments thereafter, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of the Second Amended Complaint, and therefore deny the same.

52. Defendants admit Plaintiff worked on EHR tasks for patients, aver that Plaintiff worked on these tasks sporadically through July 20, 2020, and admit that on July 20, 2020, Plaintiff started treating patients again via telemedicine. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52 of the Second Amended Complaint.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Second Amended Complaint, and therefore deny the same.

## III. AS TO "PROHEALTH'S PRIVACY INVESTIGATION"

54. Defendants admit the allegations contained in Paragraph 54 of the Second Amended Complaint, except aver that Deren Argir is a privacy investigator with Optum's Corporate Privacy Office and further aver that Deren Argir emailed Plaintiff on August 18, 2020.

55. Defendants admit that Mr. Argir advised Plaintiff that her medical chart had been viewed in an unauthorized manner and he had been assigned to investigate the unauthorized access. Defendants aver that Mr. Argir asked Plaintiff if she accessed her medical chart on specific dates, and further aver that Plaintiff spoke with Mr. Argir on August 20, 2020. Defendants deny the remaining allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Defendants admit the allegations contained in Paragraph 56 of the Second Amended Complaint.

57. Defendants admit that Plaintiff told Mr. Argir that she had accessed her medical records and attempted to justify why she accessed her medical records. Defendants deny the remaining allegations contained in Paragraph 57 of the Second Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Second Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Second Amended Complaint.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Second Amended Complaint, and therefore deny the same.

61. Defendants admit that, after Mr. Argir's interview of Plaintiff, Plaintiff emailed him to thank him for his time, apologized for her conduct, and respectfully refer the Court to the referenced email correspondence as the best evidence of its contents. Defendants deny the remaining allegations contained in Paragraph 61 of the Second Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Second Amended Complaint, except aver that Plaintiff advised that she would never again make the mistakes she made, and Defendants refer the Court to the email correspondence as the best evidence of its contents.

## IV. AS TO "PROHEALTH TERMINATES DR. DONNELL"

63. Defendants admit the allegations contained in Paragraph 63 of the Second Amended Complaint.

64. Defendants admit the allegations contained in Paragraph 64 of the Second Amended Complaint.

65. Defendants admit the allegations contained in Paragraph 65 of the Second Amended Complaint, except Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff was advised of her termination for cause "[a]s soon as she sat down," as alleged in Paragraph 65 of the Second Amended Complaint, and therefore deny the same.

66. Defendants admit that Plaintiff attempted to justify why she accessed her medical records, and lack knowledge or information sufficient to form a belief as to whether Plaintiff was "shocked," as alleged in Paragraph 66 of the Second Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint, except aver that Plaintiff was advised that she was to request her own medical records like other patients.

68. Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint, except aver that Plaintiff stated that she was not given a warning.

69. Defendants deny the allegations contained in Paragraph 69 of the Second Amended Complaint, except aver that Ms. Roberts advised that Mr. Argir explained to Plaintiff the nature and seriousness of Plaintiff's violations.

70. Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint, except aver that Plaintiff represented that she understood from Mr. Argir that her policy violations would likely only be a slap on the wrist.

71. Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint, except aver that Ms. Roberts expressed to Plaintiff that she doubted Mr. Argir would have advised Plaintiff that her policy violations would likely only be a slap on the wrist.

72. Defendants deny the allegations contained in Paragraph 72 of the Second Amended Complaint, and lack knowledge or information sufficient to form a belief as to whether Plaintiff left the meeting "in tears," as alleged in Paragraph 72 of the Second Amended Complaint, and therefore deny the same.

73. Defendants deny the allegations contained in Paragraph 73 of the Second Amended Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the Second Amended Complaint.

75. Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a] few days later," as alleged in Paragraph 75 of the Second Amended Complaint, and therefore deny the same, except admit that Dr. Goldberg spoke with Plaintiff after her termination and aver that Dr. Goldberg told Plaintiff that he learned that Plaintiff and

Dr. Selinger no longer worked at ProHealth, P.C. Defendants deny the remaining allegations contained in Paragraph 75 of the Second Amended Complaint.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about communications between Plaintiff and Dr. Goldberg and as to the unspecified "others" as alleged in Paragraph 76 of the Second Amended Complaint, and therefore deny the same, except admit that Dr. Goldberg explained to Plaintiff that he was confused as to why Plaintiff left ProHealth, P.C.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about communications between Plaintiff and Dr. Goldberg and as to the meaning of the ambiguous phrases "had been upset" and "look around" as alleged in Paragraph 77 of the Second Amended Complaint, and therefore deny the same.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about communications between Plaintiff and Dr. Goldberg, as alleged in Paragraph 78 of the Second Amended Complaint, and therefore deny the same.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about an unspecified email and whether it was "consistent" with Dr. Goldberg's unspecified explanation, as alleged in Paragraph 79 of the Second Amended Complaint, and therefore deny the same, and respectfully refer the Court to the referenced email correspondence as the best evidence of its contents.

80. Defendants lack knowledge or information sufficient to form a belief as to the phrase "sounded surprised," as alleged in Paragraph 80 of the Second Amended Complaint, and therefore deny the same. Defendants further lack knowledge or information sufficient to form a belief as to the quoted verbatim comments, as alleged in Paragraph 80 of the Second Amended

Complaint, and therefore deny the same, except aver that Dr. Goldberg questioned whether a physician was permitted to access his or her own medical record.

81. Defendants deny the allegations contained in Paragraph 81 of the Second Amended Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Second Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Second Amended Complaint, except aver that intentionally accessing a patient's medical file for any reason other than treatment, payment or administrative reasons, may lead to discipline up to and including termination of employment.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Second Amended Complaint, and therefore deny the same.

85. Defendants deny the allegations contained in Paragraph 85 of the Second Amended Complaint, except Defendants admit that after Plaintiff's termination she was not permitted access to the offices at Family Medical Group.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding when Plaintiff received an unemployment benefits notice, aver that Plaintiff produced in discovery an unemployment benefits notice stating "Voluntary Leaving" as the reason for unemployment, and respectfully refer the Court to the referenced notice as the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 86 of the Second Amended Complaint.

**AS TO " FIRST CAUSE OF ACTION**
**(Retaliation in Violation of the FMLA)**
**Against All Defendants"**

87. Defendants repeat and reiterate their responses to Paragraphs 1 through 86 of the Second Amended Complaint as if fully set forth herein.

88. The allegations contained in Paragraph 88 of the Second Amended Complaint state legal conclusions only, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute cited therein for its true content and meaning. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Second Amended Complaint as the phrase "[a]t all times relevant" is undefined, vague and ambiguous, and therefore deny the same. Defendants further admit that Plaintiff was employed by ProHealth, P.C. for more than twelve months and for at least 1,250 hours during the 12 month period immediately preceding her absence.

89. The allegations contained in Paragraph 89 of the Second Amended Complaint state legal conclusions only, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute cited therein for its true content and meaning. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Second Amended Complaint as the phrase "[a]t all times relevant" is undefined, vague and ambiguous, and therefore deny the same. Defendants further admit that ProHealth, P.C. employs 50 or more employees in at least 20 calendar weeks within a 75-mile radius of its headquarters.

90. The allegations contained in Paragraph 90 of the Second Amended Complaint state legal conclusions only, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 90 of the Second Amended Complaint, and therefore deny the same.

91. Defendants deny the allegations contained in Paragraph 91 of the Second Amended Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 92 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

**AS TO "SECOND CAUSE OF ACTION**
**(Unlawful Interference in Violation of the FMLA)**
**Against All Defendants"**

93. Defendants repeat and reiterate their responses to Paragraphs 1 through 92 of the Second Amended Complaint as if fully set forth herein.

94. The allegations contained in Paragraph 94 of the Second Amended Complaint state legal conclusions only, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute cited therein for its true content and meaning. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Second Amended Complaint as the phrase "[a]t all times relevant" is undefined, vague and ambiguous, and therefore deny the same.

95. Defendants deny the allegations contained in Paragraph 95 of the Second Amended Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 96 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

**AS TO "THIRD CAUSE OF ACTION**
**(Discrimination in Violation of ADA)**
**Against All Defendants"**

97. Defendants repeat and reiterate their responses to Paragraphs 1 through 96 of the Second Amended Complaint as if fully set forth herein.

98. Defendants deny the allegations contained in Paragraph 98 of the Second Amended Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 99 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 100 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

101. The allegations contained in Paragraph 101 of the Second Amended Complaint state legal conclusions only, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 101 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any award of punitive damages sought in Paragraph 101 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

**AS TO "FOURTH CAUSE OF ACTION**
**(Discrimination in Violation of the CFEPA)**
**Against All Defendants"**

102. Defendants repeat and reiterate their responses to Paragraphs 1 through 101 of the Second Amended Complaint as if fully set forth herein.

103. Defendants deny the allegations contained in Paragraph 103 of the Second Amended Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 104 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 105 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

106. The allegations contained in Paragraph 106 of the Second Amended Complaint state legal conclusions only, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 106 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any award of punitive damages sought in Paragraph 106 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

**AS TO "FIFTH CAUSE OF ACTION**
**(Breach of Contract)**
**Against ProHealth Physicians, P.C."**

107. Defendants repeat and reiterate their responses to Paragraphs 1 through 106 of the Second Amended Complaint as if fully set forth herein.

108. Defendants admit the allegations contained in Paragraph 108 of the Second Amended Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Second Amended Complaint, and aver that Plaintiff was terminated for cause.

110. Defendants deny the allegations contained in Paragraph 110 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in Paragraph 110 of the Second Amended Complaint, or any other relief sought in the Second Amended Complaint.

**AS TO "PRAYER FOR RELIEF"**

Defendants deny the allegations contained in the Prayer for Relief of the Second Amended Complaint, and further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause, or any other relief sought in the Second Amended Complaint.

**AS TO "JURY DEMAND"**

Defendants object to a trial by jury as to Plaintiff's equitable claims, and all other issues as to which a jury is not permitted as of right as a matter of law.

**GENERAL DENIAL**

Defendants deny each and every allegation asserted by Plaintiff not specifically admitted herein.

**DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that they otherwise do not have as a matter of law, Defendants assert the following affirmative and other defenses:

**FIRST DEFENSE**

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, and/or unclean hands.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of after acquired evidence.

**FOURTH DEFENSE**

Subject to proof through discovery, and without conceding that Plaintiff has suffered any damages, Plaintiff's own culpable conduct caused, in whole or in part, whatever damages she may have suffered.

**FIFTH DEFENSE**

Any damages purportedly sustained by Plaintiff were not proximately caused by Defendants.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that they were not filed within the applicable statute of limitations.

**SEVENTH DEFENSE**

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovery on all or a portion of her claims.

**EIGHTH DEFENSE**

Defendants did not engage in, aid or abet, encourage, condone, acquiesce in or approve any alleged discrimination and/or retaliation against Plaintiff.

**NINTH DEFENSE**

Throughout the relevant period, Defendants maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful retaliatory conduct by their employees.

**TENTH DEFENSE**

If Plaintiff has sustained any damages, although such is not admitted hereby or herein and specifically denied, Defendants are entitled under the equitable doctrine of setoff and/or recoupment to offset all compensation, time off, benefits or other appropriate amounts against any judgment that may be entered against Defendants.

**ELEVENTH DEFENSE**

Because of Plaintiff's own acts, including Plaintiff's violations of Optum's privacy policies and UnitedHealth Group's Code of Conduct, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged against Defendants.

**TWELFTH DEFENSE**

Plaintiff is not entitled to liquidated damages because Defendant made good faith efforts to comply with the FMLA and any alleged violation of the FMLA was not willful.

**THIRTEENTH DEFENSE**

Defendants expressly deny that any of their employees, officers, or agents acted in any manner that would constitute a violation of any law as alleged in Plaintiff's Second Amended Complaint; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment or agency and without the consent of Defendants. Defendants did not authorize, condone, ratify, or tolerate any violation of the FMLA, ADA or CFEPA, but instead prohibited and prohibit such acts, and such conduct may not be attributed to Defendants through principles of agency, *respondeat superior*, or otherwise.

**FOURTEENTH DEFENSE**

Plaintiff's claims are not actionable because any employment decisions challenged were justified by legitimate, non-discriminatory and non-retaliatory business reasons; and any conduct of which Plaintiff complains or which is attributed to Defendants was a just and proper exercise of management discretion, undertaken for lawful, fair and honest reasons, in good faith and without malice, and/or as a result of business necessity.

**FIFTEENTH DEFENSE**

Plaintiff’s breach of contract claim is barred by the terms, conditions, obligations, and exclusions contained in the written agreement incorporated by reference into the Second Amended Complaint.

**SIXTEENTH DEFENSE**

Plaintiff’s breach of contract claim is barred because Plaintiff would be unjustly enriched if permitted to obtain the windfall she seeks.

**SEVENTEENTH DEFENSE**

Plaintif'’s claims, to the extent that they are based upon representations made outside the applicable written agreements, are barred by the parol evidence rule.

**EIGHTEENTH DEFENSE**

All actions taken by Defendants have at all times been lawful and proper, were taken in good faith, and were in accordance with all applicable law and governing agreements.

**NINETEENTH DEFENSE**

Civil penalties and/or punitive damages are inappropriate because all actions taken or omitted by Defendants with respect to the allegations were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

**TWENTIETH DEFENSE**

Plaintiff has been paid all monies that she is owed by Defendants.

**TWENTY-FIRST DEFENSE**

Defendant ProHealth Physicians, Inc. is not a covered employer under the Family and Medical Leave Act, ADA and/or CFEPA as to Plaintiff.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any conduct alleged to violate any applicable anti-discrimination law, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities Defendants provided or to avoid harm otherwise.

**TWENTY-THIRD DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, due to her failure to satisfy the administrative prerequisites to bringing such claims.

**TWENTY-FOURTH DEFENSE**

To the extent the Complaint asserts punitive damages, Plaintiff is not entitled to punitive damages because Defendants made good faith efforts to comply with all applicable anti-discrimination laws, including but not limited to their anti-discrimination and anti-harassment policies and training programs.

**TWENTY-FIFTH DEFENSE**

To the extent Plaintiff claims alleged emotional, mental or physical injuries or psychological pain and suffering, including any claim for infliction of emotional distress and any claim for recovery of medical expenses for alleged work-related injuries, they are preempted or barred by the exclusive remedy provisions of the Connecticut Workers' Compensation Act.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent and applicable during the court or discovery and/or trial.

**WHEREFORE,** Defendants hereby request that the Court enter an Order:

1. dismissing the Second Amended Complaint in its entirety, with prejudice;

2. awarding Defendants their costs and expenses, including reasonable attorneys' fees, as set forth under the law; and

3. granting Defendants such other and further relief as the Court may deem just and proper.

DATED: July 6, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Lynn A. Kappelman*

Lynn A. Kappelman (CT 03480)
lkappelman@seyfarth.com
2 Seaport Ln # 300
Boston, MA 02210
Telephone: (617) 737-1900
Facsimile: (617) 790-5360

Cameron Smith*
Victoria Vitarelli*
casmith@seyfarth.com
vvitarelli@seyfarth.com
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

**admitted pro hac vice*

*Attorneys for Defendants ProHealth Physicians, Inc., and ProHealth Physicians, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2021, I electronically filed the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT by uploading it to the CM/ECF system, which will send notification of such filing to the following counsel of record for Plaintiff:

Todd D. Steigman, Esq.
MADSEN, PRESTLEY & PARENTEAU, LLC
402 Asylum Street
Hartford, CT 06103
Email: tsteigman@mppjustice.com

Michael J. Willemin*
Christine L. Hogan*
Alfredo J. Pelicci*
WIGDOR, LLP
85 Fifth Avenue
New York, New York 10003
(212) 257-6800
mwillemin@wigdorlaw.com
chogan@wigdorlaw.com
apelicci@wigdorlaw.com

**admitted pro hac vice*

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman (CT 03480)